Collette Stark (*pro se*)
2175 Cowley Way
San Diego, CA 92110
Videosolutions@me.com
(619) 347-0726

Plaintiff

**FILED**
Sep 11 2019
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ soniad   DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Bridgepoint Benefits, LLC, a California limited liability company;<br><br>Defendant. | Civil Case No.: **'19CV1740 AJB AGS**<br><br>**COMPLAINT**<br><br>**TCPA 47 USC §227(b)(1)(A)**<br><br>**TCPA 47 USC §227(c)(5)** |

Plaintiff Collette Stark ("Plaintiff"), complains against Defendant Bridgepoint Benefits, LLC, a California limited liability company ("Bridgepoint Benefits, LLC"), and alleges as follows:

## I. INTRODUCTION

1. The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone through the use of an ATDS is expressly alleged against Defendant Bridgepoint Benefits, LLC Defendant directly called Plaintiff in violation of the TCPA.

2. Plaintiff is also suing for illegal text messages sent after she told the caller to not text. Plaintiff is suing for the use of pre-recorded voice messages sent by Defendant in violation of Civil Code §1770(a)(22)(A). Plaintiff is suing for illegal telemarketing calls made by an Automated Telephone Dialing System by Defendant. Plaintiff is suing for illegal recording of the call by Defendant without warning that the call was being recorded in violation of CIPA. Plaintiff is suing for calling her number that is properly registered on the Do Not Call Registry at www.donotcall.gov. The calls and text messages came from 424-226-3259 as well as 949-229-8681 and other spoof numbers controlled by Defendant.

3. Shawne Malone is the sole owner of Defendant entity.

4. Shawne Malone is an employee of Defendant and called Plaintiff on September 10, 2019 in violation of the TCPA, once at 12:35 PM and again at 2:25 PM.

5. Bridgepoint Benefits, LLC runs a telemarketing company and it is believed that it uses this entity to launder its illegal earnings from telemarketing. Plaintiff

gives notice to all parties that leave to amend this Complaint will be request as soon as disclosure and discovery reveal the true identity of Bridgepoint Benefits, LLC's telemarketing operations.

6.     Plaintiff was also called at 9:33 AM on September 4, 2019 by Defendant to Plaintiff's personal cell phone. Plaintiff has a list of many other calls from Defendant that also violated 47 USC §227(b)(1)(A) and (c)(5) of the TCPA.

7.     Plaintiff received a spam text message from Defendant in violation of the TCPA. Shawne Malone, an employee of Defendant, sent the text message. Said employee also called again after he sent an email to see if Plaintiff had received it. This indicates that Bridgepoint Benefits, LLC in fact coordinates its operations and it violation of the TCPA is knowing and willful.

8.     Malone used email address shawne@bridgepb.com and he also owns and runs bridgebp.org.

9.     Bridgepoint Benefits, LLC has been illegally calling Ms. Stark, without her consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS. Ms. Stark expressly told Bridgepoint Benefits, LLC and Malone to stop these illegal calls, but since then, Defendant Bridgepoint Benefits, LLC and its hired and controlled lead agents, have robocalled Plaintiff several more times. Ms. Stark brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and

damages will encourage Bridgepoint Benefits, LLC, to change its ways. To be clear, Plaintiff is suing Bridgepoint Benefits, LLC for the directly dialed calls. There were other calls through lead generators but this lawsuit is also for the direct autodialed calls.

## II. PARTIES

10. Plaintiff Collette Stark is a citizen of California who conducts business in California, in this District.

11. Defendant Bridgepoint Benefits, LLC, is a resident and citizen of California, believed to be headquartered at 15555 Huntington Village Lane #263, Huntington Beach, CA 92647. Based on Plaintiff's research and investigation, Bridgepoint Benefits, LLC runs several other telemarketing operations beside the one at issue here.

12. Bridgepoint Benefits, LLC has significant experience and knowledge about the telemarketing industry.

13. Bridgepoint Benefits, LLC advertises that can get rid of your student loans through its telemarketing operations. Plaintiff does not have and never has ever had a student loan.

14. Defendant used a rather sophisticated pre-recorded message "avatar" type voice recognition system to initial the illegal calls.

15. Plaintiff has never given Defendant or any of its agents consent to call.

## III. JURISDICTION AND VENUE

16. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over the Plaintiffs' claim arising under California's Invasion of Privacy Act[1], Penal Code §637.2, §632.7 because those claims:

    a. arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff;

    b. adds little complexity to the case; and

    c. relies on the same nucleus of facts, so it's unlikely to predominate over the TCPA claims.

17. This Court has personal jurisdiction over Bridgepoint Benefits, LLC because a substantial part of the wrongful acts alleged in this Complaint were committed in California. For example, Bridgepoint Benefits, LLC made illegal telemarketing robocalls to Ms. Stark, while she was in California. Bridgepoint Benefits, LLC has also subjected themselves to personal jurisdiction in California because it is running and abetting said criminal operation. It is a crime to violate 47 USC §501

---

[1] Plaintiff will seek leave to amend the complaint after discovery to expressly allege CIPA violations. This is only for notice purposes and to toll the statute of limitations.

by violating 47 USC §227(b). Bridgepoint Benefits, LLC, through dba's and agents, initiated the primary telemarketing calls to Plaintiff and then sold, transferred and provided the lead to Bridgepoint Benefits, LLC marketers and others within the organization in a knowingly illegal manner. Bridgepoint Benefits, LLC controlled the third party lead generation company, told them what to say, how to do their job and what compensation they would be paid for the illegal telemarketing. California Civil Code §1770(a)(22)(A) expressly prohibits the prerecorded messages that SHAWNE MALONE and Bridgepoint Benefits, LLC and its agents sent to Plaintiff. However, Plaintiff will seek leave to amend the complaint after discovery.

18. Plaintiff was called on cell phone of 619-347-0726 by Bridgepoint Benefits, LLC Plaintiff was called multiple times beginning on or about January 2019, from 949-229-8681, a number owned, used and controlled by Bridgepoint Benefits, LLC and Shawne Malone and its agents, with a prerecorded message which then transferred to a live human. The initial part of the call was a pre-recorded message. After many personal questions were asked and answered, the call was transferred to another person who repeated the same questions. Defendant's employee asked if Plaintiff was interested in a student loan repayment plan or reduction in the amount owed.

19. Defendant sent Plaintiff an email after the September 10, 2019 telemarketing

call thus proving the illegal call was in fact made.

20.     Plaintiff has expressly stated exactly what phone number Defendant used to call Plaintiff, as well as an exact date of one of the calls, to which number the calls were made, what was said on the call and that the call was made with an ATDS and prerecorded message. All of this meets the particularity requirements for a cause of action. Plaintiff's phone number is not a business phone. Plaintiff's phone is registered on www.donotcall.gov and was done so more than 31 days prior to the first call.

21.     Bridgepoint Benefits, LLC has purposefully directed its activities to California and advertises that it does business in California.

## IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

22.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

23.     The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

24.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

25.     Plaintiff Stark alleges that Defendant Bridgepoint Benefits, LLC and its employee Shawne Malone placed repeated automated telephone calls to Plaintiff

Stark's cell phone (619-347-0726) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Stark within a period of time from February 2019 to September, 2019 and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim. There was a long delay when the calls connected every time and Plaintiff heard a bubble popping sound right before the prerecorded message started.

26. As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Estelle v. Gamble* (1976) 429 U.S. 97, 106.

## V. STANDING

27. The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, her complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviStark pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and pro se pleadings must continue to be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

28. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    A. A valid injury in fact;

    B. which is traceable to the conduct of Defendant;

    C. and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.___(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

29. Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on her cellular phone at least ten times by Defendant. In fact, Plaintiff expressly informed Defendant to cease and desist from all future telemarketing on the very first call. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry"). As well, Plaintiff had no prior business relationship with Defendant prior to receiving the seriously harassing and annoying calls by Bridgepoint Benefits, LLC and by SHAWNE MALONE. All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendant and

Plaintiff's attempt to avoid the damage by registering her number on the DNC Registry. Plaintiff did not request to be called and did not consent to any telemarketing call from Defendant.

### The "Traceable to the Conduct of Defendant" Prong

30. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct of Defendant. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone were placed either by Defendant directly, or by Defendant's agent at the express direction and control of Defendant. See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

31. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged

abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

32. "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and invasions of privacy in TCPA actions are concrete" injuries that establish standing. See *Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016). In *Mbazamo*, the court held that a violation of the TCPA represents a concrete injury because "[t]he history of sustaining claims against both unwelcome intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit.'" *Mbazomo*, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The court declined to follow Romero, explaining that Romero "improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id. *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

33. "To establish injury in fact, a plaintiff must show that he or she suffered 'an

invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo.* at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id.* An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id.* In addition, for an injury to be "concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id.* However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

34.   Here, Plaintiff alleges that Defendant Bridgepoint Benefits, LLC and

Shawne Malone contacted her using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, some of the calls are available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they advertise Defendant Bridgepoint Benefits, LLC's product. Third, Plaintiff declares that she has never heard of Defendant Bridgepoint Benefits, LLC, visited any location operated by said Defendant prior to the harassing and annoying calls, nor provided her cellular telephone number to said Defendant or consented to receive calls from Defendant. Plaintiff also has had no prior business relationship with Defendant. Plaintiff had no reason to be in contact with Defendant Bridgepoint Benefits, LLC nor has she ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendant used ATDS in sending their prerecorded solicitation messages.

35. In Plaintiff's case, the allegations establish that she did not give prior express consent. She declared that she was "the regular user and subscriber to the cellular telephone number at issue." She also declared that she has "never heard of [Defendant], visited any location operated by [Defendant], provided [his] cellular telephone number to [Defendant] or consented to receive text messages from [Defendant]." As in *Charkchyan*, these allegations are sufficient to support

Plaintiff's claims that she did not give prior express consent authorizing Defendant to send the prerecorded messages.

## VI. FACTUAL ALLEGATIONS

### A. Bridgepoint Benefits, LLC

36. One of Bridgepoint Benefits, LLC's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

37. Bridgepoint Benefits, LLC uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

38. A third party sold leads to Bridgepoint Benefits, LLC and is the marketing agent for Bridgepoint Benefits, LLC

### B. Plaintiff

39. Plaintiff Collette Stark is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

### C. Telephone numbers 619-347-0726

40. A phone number beginning 619-347-0726 is registered to Ms. Stark.

41. 619-347-0726 is on the National Do Not Call Registry.

42. Ms. Stark answers calls made to 619-347-0726.

43. Ms. Stark pays the phone bills for 619-347-0726.

**D. BRIDGEPOINT BENEFITS, LLC's Illegal Telemarketing Robocalls to Plaintiff**

44. On September 10, 2019, a call to 619-347-0726, which is Ms. Stark's cellular telephone, caused her cell phone to ring. Ms. Stark picked up. The person on the other end wasn't anyone Ms. Stark knew. In fact, it wasn't a person at all; it was a prerecorded voice. The voice advertised student loan forgiveness, reduction or elimination from Defendant.

45. Most of these robocalls used a prerecorded or artificial voice, while the rest were marked by an unnatural click or pause at the beginning—signaling to Ms. Stark that the call was placed by an ATDS rather than manually dialed by a person.

## VII. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. The foregoing acts and omissions of Bridgepoint Benefits, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone number of Plaintiff without prior express written consent.

48. The defendant in this matter is vicariously liable for the acts and actions of

the lead source under the *Gomez* case from the US Supreme Court handed down on January 20, 2016. Discovery will reveal the name of the lead agent. Bridgepoint Benefits, LLC controlled the lead agent and had actual knowledge of the TCPA violations.

49. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

50. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

51. Plaintiff also seeks a permanent injunction prohibiting BRIDGEPOINT BENEFITS, LLC and its affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

**(Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))**

52. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. The foregoing acts and omissions of Bridgepoint Benefits, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47

C.F.R. §64.1200(c)(2).

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

55. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

56. Plaintiff also seeks a permanent injunction prohibiting BRIDGEPOINT BENEFITS, LLC and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against Defendant as follows:

   A. Leave to amend this Complaint to conform to the evidence presented at trial;

   B. A declaration that actions complained of herein by Bridgepoint Benefits, LLC violate the TCPA;

   C. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2);

   D. $500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;

E. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

F. For an injunction prohibiting Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing;

G. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

H. $1,500 for each violation of 47 CFR §64.1601(3) caller ID spoofing;

I. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

J. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

K. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

L. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS and pre-recoded message without consent;

M. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry; and

N. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: September 11, 2019

*Collette Stark* (signature)

Collette Stark,
Plaintiff