FILED

MAY 1 8 2020

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

Collette Stark (*pro se*)
2175 Cowley Way
San Diego, CA 92110
Videosolutions@me.com.
(619) 347-0726

Plaintiff

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark, an individual, | ) Civil Case No.:19-cv-1740 AJB AGS |
| Plaintiff, | ) **Motion for Default Judgment** |
| vs. | ) **Memorandum of Points and Authorities** |
| Bridgepoint Benefits, LLC, a California limited liability company; | ) **TCPA 47 USC §227(b)(1)(A)** |
| | ) **TCPA 47 USC §227(c)(5)** |
| Defendant. | ) **Date: NA** |
| | ) **Time: NA** |
| | ) **Courtroom:** |
| | ) No oral argument unless ordered |

This motion was written, drafted and prepared within the 14 days set by the Court, but it was mistakenly not mailed to the Court until May 7, 2020. This motion asks for only an injunction, no money and has a request, in the alternative, to dismiss without prejudice. In light of the court's closure to walk in traffic and Covid-19 impact and delays, this motion is requested to be heard whenever the

Court has time.

Plaintiff Collette Stark ("Plaintiff"), hereby moves the Court to enter Judgment by default against Defendant Bridgepoint Benefits, LLC, a California limited liability company ("Bridgepoint"), as follows:

19cv1740

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Table of Contents

PROCEDURAL HISTORY..............................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES .....................................5

RELEVANT FACTS ALLEGED IN THE COMPLAINT ... **Error! Bookmark not defined.**

SUMMARY OF LEGAL ANALSYS .............................................................6

EVIDENCE OF DEFENDANT'S PHONE NUMBER .....................................14

THREE FACTORS FOR AMOUNT OF DAMAGES .......................................14

CONCLUSION........................................................................................16

19cv1740

1. Plaintiff Collette Stark ("Stark") hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment against Defendant Bridgepoint Benefits, LLC, a California limited liability company("Bridgepoint"), (herein "Defendant") for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC §632.7 and §637.2, invasion of privacy, and illegal recording.   In the alternative, Plaintiff moves the Court to enter an order dismissing the case without prejudice if the Court exercises its discretion and sound judgement to not render default judgement.

## PROCEDURAL HISTORY

2. The Complaint was filed on September 21, 2019 as ECF No. 1 and served on Bridgepoint Benefits, LLC.   Defendant was defaulted on October 24, 2019. Plaintiff attempted to settle this matter and thereby save the Court significant time and effort; however, negotiations have failed and the Court has set an OSC on this matter.

3.   Plaintiff now files a motion for default judgment against Bridgepoint.   The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.   Plaintiff only seeks injunctive relief as provided in the TCPA.

## MEMORANDUM OF POINTS AND AUTHORITIES

4. Plaintiff requested a copy of Defendant Bridgepoint's "do not call" policy and

19cv1740

did not receive it.  This is a violation of 47 USC §227(c)(5) because a violation of the regulations that required Bridgepoint to provide a copy of the policy were violated.  See also 47 C.F.R. §64.120(c)(2).

5. Plaintiff is seeking and hereby respectfully requests an injunction against Defendant ordering them to cease and desist from violating the TCPA. Defendant should be expressly warned that violating this Court's order could or may lead to a contempt.

6. The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.  Plaintiff did not consent to the calls.  Plaintiff put her phone number on www.donotcall.gov.  Plaintiff was called with an ATDS by Defendant.  Plaintiff was called by Bridgepoint with a prerecorded message.

7. Complaint paragraph 4 sets forth that an employee of Defendant called Plaintiff on September 10, 2019, in violation of the TCPA, two times that day.  Plaintiff also set forth in paragraph 6 of the Complaint that Defendant called again on September 4, 2019 at 9:33 AM.  These facts are to be taken as true in a motion for default judgement where the Complaint was properly served on the defendant.

## SUMMARY OF LEGAL ANALSYS

8. Upon default, the factual allegations in the complaint are taken as true, except

19cv1740

those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6). Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When "proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

9. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiffs

   i. There is a possibility of prejudice to a plaintiff when denying

default judgment would leave them without an alternate

recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238

F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a

default judgment, Plaintiff will be severely prejudiced because

he will not be allowed to litigate his claims and will be

effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs

in favor of granting default judgment.

**b. Merits of Plaintiff's Substantive Claim**

   i. Under the second and third *Eitel* factors, the Court must

     examine whether the plaintiff has pled facts sufficient to

     establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471.

     These factors require the complaint "state a claim on which the

     plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175.

     Plaintiffs argue they have stated a prima facie claim under the

     TCPA for both a willful and a negligent violation as well as

     CIPA violations under PC §637.2 and §632.7.

   ii. Under the TCPA, Plaintiff must establish that (1) the phone

     calls were made using an automatic telephone dialing system

     ("ATDS"); (2) they were the "called party;" and (3) that

     defendants did not have Plaintiff's prior consent to make the

calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii.  Under the first element, Plaintiff sufficiently alleged Defendant's calls to her were made using an ATDS. Regarding the second element, Plaintiff alleges she was the "called party" because the phone number Defendant dialed belonged to her. As for the last requirement, Plaintiff alleges she never gave Defendant consent to contact her and her numbers were on the Do Not Call list.  Thus, the Court should find Plaintiff pled sufficient facts to succeed on her TCPA claims.

iv.  Plaintiff alleged in the Complaint that Defendant recorded their calls without warning, notice or permission.  See Complaint. Those facts are now, at this default stage, taken as true.  PC §632.7 and §637.2 provides for $5,000 per call.  Damages are set by statute.

c.  **Sufficiency of the Complaint**

i.  "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light

of defendant's actions. See *Totten v. Hurrell*, No. 00–2718,

2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001)

(stating that "the 'sum of money at stake' factor [under *Eitel*] is

meant to focus on the size of the award requested, as courts are

hesitant to enter default judgments where large sums of money

are at stake," and finding an award of $19,977.74 not a "large

money judgment" in today's world).  The $0 requested by

Plaintiff is not unreasonably large given the scale of Defendant

Bridgepoint's operations.  Plaintiff only seeks an order

prohibiting them from calling 619-347-0726 ever again.

**d.  Sum of Money at Stake**

    i.  It is squarely within the Court's sound and complete discretion

to award treble damages or not.  Plaintiff requests $0 in

damages for the intentional or willful TCPA violations.  "If the

court finds that the defendant willfully or knowingly violated"

the TCPA, it may award treble damages. 47 U.S.C. §

227(b)(3)(C).  Here, Defendants' willfulness is clearly pled and

their past acts against others who have filed recent TCPA

actions against them is judicially noticeable.  Plaintiff alleges

significant facts regarding Defendant's willfulness and intent.

The facts Plaintiff includes go to willfulness are the fact that her phone numbers was placed on the National Do Not Call Registry and multiple prior TCPA lawsuits against the same Defendants, including a prior lawsuit by Plaintiff Stark against Bridgepoint. Stark clearly posts on her own web pages to not call. While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendants had prior knowledge of their phone number's registration on the Do Not Call List and that Defendants had a duty to check.

ii. One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant Bridgepoint called Plaintiff 3 times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have

acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii. Here, the Court should find enough in the complaint to support a finding that Defendant Bridgepoint acted willfully or knowingly violated the law.   *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 72 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

e.  **Possibility of a Dispute Concerning Material Facts**

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff

has alleged sufficient facts to support her claims as analyzed above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against them, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendants.

**f.  If Default was Due to Excusable Neglect**

i.  There is no indication that defendant allowed its default to be taken as a result of excusable neglect.  After being served with the complaint, defendant simply failed to respond or even participate in defending themselves.  The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

**g.  Policy Favoring Decisions on the Merits**

i.  Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the Defendant takes no part in the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendant has failed to respond, the general

19cv1740

preference for resolution on the merits is not equally applicable.
*See, e.g., id.* In sum, the relevant considerations weigh in favor
of entry of default judgment against Defendant.

## EVIDENCE OF DEFENDANT'S WRONGDOING

10.   A standard practice of telemarketers is to use a rather simple telephone
number ID spoofing application.  Defendant has exactly done this.  Spoofing is
the act of deceptively faking another number for your own number on a caller
ID of the recipient.  Further, sophisticated telemarketers, like this Defendant,
often use junk or throw-away numbers from Googlevoice.  Anyone can obtain
dozens of linked phone numbers from Googlevoice in a matter of seconds, for
free.  Telemarketers are getting more and more clever and cunning, just like
Defendant Bridgepoint.  Notwithstanding, Defendant used the above stated
numbers to call Stark on the dates and times shown.  Each call contains or
justifies $1,500 for violating §227(b) by using an ATDS; plus $1,500 for
violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure
to send a written copy of the DNC policy after express request therefor, or plus
$1,500 for failure to identify caller in the beginning of each call; plus $5,000 for
the recording in violation of PC §637.2.

## THREE FACTORS FOR AMOUNT OF DAMAGES

11. The Court must address three issues when considering TCPA damages. *See,*

*e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2 Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL 1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015 WL 1522244 at *9.   Here, Stark established multiple violations under §§ 227(b) and (c).  Stark establishes that each of the 2 calls that she received from, Bridgepoint violated the TCPA's prohibition on automated telephone calls.  Stark also establishes 2 violations for failure to identify the caller[1] and 2 violations for initiating a call without an internal do-not-call policy available upon demand.  Stark establishes that the calls were made in violation of the national do-not-call list (registry) because she provides evidence that her number was on the list during the relevant time (Stark registered 619-347-0726 on 2/16/2012 – all were at least 31 days prior to the offending calls).

---

[1] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call.  Defendants did not do this.

## CONCLUSION

Wherefore, the Court should grant Plaintiff's motion for default judgment because the defaulted Defendant has admitted to wrongdoing and default has been entered against them in this matter.  Additionally, Plaintiff has shown that each of the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven.

Dated:  April 27, 2020

/s/ *Collette Stark*___
Collette Stark,
Plaintiff

19cv1740

**PROOF OF SERVICE**

     I, Collette Stark, am over age 18 and a pro se party to this case.  I served the attached Motion on Defendant at:

    Bridgepoint Benefits, LLC
    Atten: Shawne Malone, agent for service
    15555 Huntington Village Lane #263
    Huntington Beach, CA 92647

Via first class US Mail with postage prepaid.

The above is true and correct under penalty of perjury.

Date:  May 7, 2020

                                      Collette Stark