UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Collette Stark,<br><br>                              Plaintiff,<br><br>v.<br><br>Bridgepoint Benefits, LLC,<br><br>                              Defendant. | Case No.:  3:19-cv-01740-AJB-AGS<br><br>**ORDER RE DEFAULT JUDGMENT**<br><br>**(Doc. No. 7)** |

On January 25, 2021, the Court granted Plaintiff Collette Stark's ("Plaintiff") motion for default judgment. (Doc. Nos. 7, 8.) However, because of the ambiguity as to the amount of damages Plaintiff sought—Plaintiff sought $0 in damages in her motion, while she sought $1,500 per violation in her Complaint—the Court ordered supplemental briefing, directing Plaintiff to clarify this point. (Doc. No. 8 at 8.) On January 28, 2021, Plaintiff filed supplemental briefing in response to the Court's order. (Doc. No. 9.) Bridgepoint Benefits, LLC ("Defendant") has not responded or otherwise appeared in this litigation. This order follows.

## I.    BACKGROUND

Plaintiff brings an action against Defendant alleging violation of the Telephone Consumer Protection Act ("TCPA"). (Complaint ("Compl.", Doc. No. 1.) Plaintiff alleges Defendant called and texted Plaintiff using an automatic telephone dialing system ("ATDS") without her consent. (*Id.* ¶ 1.) The allegations state that on September 4 and 10,

1

2019, Shawne Malone, sole owner of Defendant corporation, placed autodialed and prerecorded calls to Plaintiff's cellphone, advertising student loan forgiveness, reduction or elimination, without her prior express consent. (*Id.* ¶ 2.)

## II.    DISCUSSION

Plaintiff seeks default judgment in the amount of "$9,000 along with an injunction prohibiting Defendant from violating the TCPA." (Doc. No. 9 at 3.) Both § 227(b) and § 227(c) of the TCPA provide that, in lieu of actual damages, a plaintiff may request statutory damages of up to $500 per violation. Courts considering the issue have allowed separate recoveries for an ATDS violation and one for a violation of the Do Not Call list, even if the violations occurred in the same telephone call. *See, e.g., Heidarpour v. Empire Capital Funding Grp., Inc.*, No. 18-cv-250-YGR (KAW), 2018 WL 6809186, at *6 (N.D. Cal. Oct. 25, 2018); *Roylance v. ALG Real Estate Servs., Inc.*, No. 5: 14-cv-2445-PSG, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015) ("[T]he fact that the statute includes separate provisions for statutory damages in subsections (b) and (c) suggests that a plaintiff could recover under both.").

Here, Plaintiff explains, "Complaint paragraph 4 sets forth that an employee of Defendant called Plaintiff on September 10, 2019, in violation of the TCPA, two times that day. Plaintiff also set forth in paragraph 6 of the Complaint that Defendant called again on September 4, 2019 at 9:33 AM." (Doc. No. 9 at 2.) Plaintiff goes on to say that she seeks damages for violations of both 47 U.S.C. § 227(b)(l) and 47 U.S.C. § 227(c)(5). (*Id.*) This Court agrees that under authority within the Ninth Circuit, separate recoveries may be allowed for each violation. Thus, Plaintiff may recover $3,000.00 total for the three calls made to Plaintiff in violation of the two separate sections of the TCPA—47 U.S.C. § 227(b)(l) and 47 U.S.C. § 227(c)(5).

If the Court finds that Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, treble the amount of the award to $1,500.00 per telephone call. 47 U.S.C. §§ 227(B)(3)(c); *Sapan v. Authority Tax Servs., LLC*, No. 13-cv-2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Plaintiff argues that Defendant

2

willfully or knowingly "failed to provide a copy of the DNC policy as they were in email contact with each other. Plaintiff tried to settle this matter, but Defendant did not want to engage further after they reached an impasse." (Doc. No. 9 at 3.) In its discretion, the Court declines to award treble damages. The damages award of $3,000.00 is sufficient to deter future violations given the minimal number of calls at issue. Also, Plaintiff provides no evidence that Defendant has previously been sued for violating the TCPA or that $3,000.00 will be considered trivial and thus not deter future misconduct. S*ee Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, No. C-13-00229 JCS, 2013 WL 6571629, at *17 (N.D. Cal. Aug. 19, 2013), *report and recommendation adopted*, No. 13-cv-00229-YGR, 2013 WL 6571168 (N.D. Cal. Oct. 9, 2013) (denying treble damages where plaintiff did not provide evidence that the defendant was previously sued under the TCPA or that the statutory minimum would be trivial to the defendant).

Lastly, injunctive relief is available under the TCPA. *See* 47 U.S.C. §§ 227(b)(3)(A), 227(c)(5)(A). Because the TCPA authorizes such relief, irreparable injury need not be shown. *See Heidorn*, 2013 WL 6571629 at *18; *United States v. Laerdal Mfg. Corp.*, 73 F.3d 852, 855 (9th Cir. 1995) ("[A] statutory injunction may be imposed when a violation of a statute has been or is about to be committed."). Here, Plaintiff has established enough to demonstrate entitlement to injunctive relief. Thus, the request for an injunction is **GRANTED**.

## III.   CONCLUSION

For the above-stated reasons, Plaintiff's motion for default judgment is **GRANTED**, in the amount of $3,000.00. (Doc. No. 7.) In addition, the Court enters the following permanent injunction:

Bridgepoint Benefits, LLC is permanently enjoined and restrained from directly or indirectly engaging in any of the following acts:

1) Calling, or sending any text message, using an automatic telephone dialing system, or an artificial or prerecorded voice message, to Collette Stark's phone

3

number (619-347-0726) without Collette Stark's prior express consent in violation of the TCPA; and

2) Calling or sending any text message to Collette Stark's phone number (619-347-0726), while her number is registered on the national do-not-call registry, in violation of the TCPA.

**IT IS SO ORDERED.**

Dated:  February 2, 2021

Hon. Anthony J. Battaglia
United States District Judge

4